**Cabanillas & Associates, P.C.**
Noel P. O'Brien, Esq.
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2025
Cablit@CabanillasLaw.com
*Attorneys for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

**MARIO BENJAMIN COLLADO**
A 061-969-751,

Civil Action No.: __________

Petitioner,

-against-

**TODD BLANCHE,** Attorney General of the United States**;**
**MARKWAYNE MULLIN,** Secretary of the Department of Homeland Security**;**
**TODD M. LYONS,** Acting Director, U.S. Immigration and Customs Enforcement**;**
**KENNETH GENALO,** Field Office Director, ICE New York**;**
**and**
**THE WARDEN OF BROOKLYN MDC FACILITY** in his or her official capacity**,**

Respondents.

---------------------------------------------------------------------X

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241**

**ORAL ARGUMENT REQUESTED**
**EXPEDITED HEARING REQUESTED**

**Preliminary Statement**

1. Petitioner Mario Benjamin Collado brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his ongoing civil immigration detention by U.S. Immigration and Customs Enforcement.

2. DHS's detainee locator lists Petitioner Mario Benjamin Collado, A-Number 061969751, Country of birth Dominican Republic, as "In ICE Custody" In New York at Brooklyn MDC Facility. See Detainee information attached hereto as **Exhibit A**.
3. DHS identifies Petitioner's current detention facility as Brooklyn MDC Facility. Venue is therefore proper in the Eastern District of New York.
4. Petitioner has a long and procedurally active immigration history. DHS alleged in the Notice to Appear that Petitioner was lawfully admitted to the United States for permanent residence on a conditional basis on April 30, 2011.
5. DHS charged Petitioner as removable under INA § 237(a)(1)(D)(i), alleging that his conditional permanent resident status was terminated after denial of his Form I-751 petition to remove conditions on residence. See Notice to Appear attached hereto as **Exhibit B**.
6. The Immigration Court ordered Petitioner removed in absentia on September 16, 2016. See In Absentia Removal Order attached hereto as **Exhibit C**.
7. Petitioner, through immigration counsel, later pursued reopening of the in absentia removal order. On July 18, 2024, attorney Aliona Gherasimov filed a Notice of Appeal from the Immigration Judge's June 20, 2024 decision denying Petitioner's motion to reopen or reconsider. See EOIR- 26 Notice of Appeal attached hereto as **Exhibit D**.
8. The Notice of Appeal states that Petitioner appealed the Immigration Judge's June 20, 2024 decision denying a motion to reopen or reconsider.
9. The Board of Immigration Appeals acknowledged receipt of the appeal and fee or fee waiver request on July 22, 2024.

10. The BIA case information identifies the case type as “Appeal of IJ MTR,” states that the appeal was filed on July 22, 2024, and lists the BIA decision as “Pending.” See Proof of BIA Decision pending attached hereto as **Exhibit E**.

11. The BIA case information states that Petitioner’s brief was due September 4, 2024, that the “Alien Brief” was filed on September 4, 2024, that DHS’s brief was due September 25, 2024, and that the DHS brief filed date is “N/A.”

12. The brief filed with the BIA requested reversal of the Immigration Judge’s order and remand to the Immigration Court for further proceedings. See Petitioner’s BIA Brief on Appeal attached hereto as **Exhibit F**.

13. Petitioner is therefore detained while a BIA appeal remains pending concerning whether his in absentia removal order should be reopened and rescinded.

14. Respondents have not provided undersigned habeas counsel with all custody paperwork, including any Form I-200 warrant, Form I-286 custody determination, post-order custody review documents, release-revocation paperwork, bond determination, order of supervision records, or documents identifying the statutory basis for custody.

15. The Court should require Respondents to show cause why Petitioner’s detention is lawful, identify the precise statutory basis for custody, produce the custody record, and provide appropriate relief, including immediate release, supervised release, or release under an Order of Supervision.

**Jurisdiction and Venue**

16. 28 U.S.C. § 2243 provides that a court entertaining an application for a writ of habeas corpus shall award the writ or issue an order directing the respondent to show cause why

the writ should not be granted unless the application shows the applicant is not entitled to relief.

17. 28 U.S.C. § 2243 further requires the respondent to make a return certifying the true cause of detention.

18. Petitioner is in federal immigration custody. DHS's detainee locator lists Petitioner as "In ICE Custody" In New York at Brooklyn MDC Facility.

19. Venue is proper in this District because Petitioner is detained in Brooklyn New York. DHS identifies Petitioner's detention facility as Brooklyn MDC Facility in New York.

**Parties**

20. Petitioner Mario Benjamin Collado is a native and citizen of the Dominican Republic. The Notice to Appear alleges that Petitioner is a native and citizen of the Dominican Republic.

21. Petitioner's A-Number is 061-969-751. DHS and EOIR records list Petitioner's A-Number as 061-969-751.

22. Respondent Todd Blanche is the Attorney General of the United States and is sued in his official capacity.

23. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security and is sued in his official capacity.

24. Respondent Todd M. Lyons is the Director or Acting Director of U.S. Immigration and Customs Enforcement and is sued in his or her official capacity.

25. Respondent KENNETH GENALO is the ICE Field Office Director for New York and is sued in his official capacity.

26. Respondent Warden of Brooklyn MDC Facility is Petitioner's immediate physical custodian and is sued in his or her official capacity.

## Factual Allegations

27. Petitioner was admitted to the United States on April 30, 2011 as a conditional permanent resident. See Petitioner's VISA attached hereto as **Exhibit G**.

28. Petitioner's conditional permanent residence was based on his marriage to Solangel Velazquez.

29. USCIS denied Petitioner's I-751 petition on June 9, 2014 after finding that Petitioner and his spouse were requested to appear for an interview and that the spouse failed to appear without establishing good cause.

30. USCIS terminated Petitioner's conditional permanent resident status as of April 30, 2013.

31. DHS issued Petitioner a Notice to Appear dated October 18, 2014.

32. The Notice to Appear charged Petitioner under INA § 237(a)(1)(D)(i), alleging that after admission as a conditional lawful permanent resident, his status was terminated.

33. The Notice to Appear listed Petitioner's address as care of Solangel Velazquez, 257 Jessamire Avenue, 2nd Floor, Yonkers, New York 10701.

34. The certificate of service on the Notice to Appear reflects service by regular mail.

35. On September 16, 2016, the Immigration Court ordered Petitioner removed in absentia.

36. The in absentia decision states that Petitioner failed to appear despite written notification and that the hearing was conducted in absentia under INA § 240(b)(5)(A).

37. The Immigration Court ordered Petitioner removed to the Dominican Republic.

38. Petitioner later sought reopening of the in absentia order. The Notice of Appeal states that Petitioner appealed the Immigration Judge's June 20, 2024 decision denying a motion to reopen or reconsider.

39. The Immigration Judge denied the motion to reopen on June 20, 2024, citing failure to demonstrate non-receipt of notice, lack of due diligence for more than seven and one-half years, and failure to demonstrate prima facie eligibility for an immigration benefit with an enclosed application.

40. Attorney Aliona Gherasimov filed the Notice of Appeal on July 18, 2024.

41. The BIA acknowledged receipt of the appeal on July 22, 2024.

42. The BIA case information states that the BIA appeal remains pending and that no BIA decision has issued.

43. The BIA case information states that Petitioner's brief was filed on September 4, 2024.

44. The BIA case information states that DHS's brief filed date is "N/A."

45. Petitioner's BIA brief argued that the Immigration Judge failed to consider Petitioner's affidavit and the former spouse's letter concerning non-receipt of hearing notice.

46. Petitioner's BIA brief argued that he had prima facie eligibility to adjust status based on an approved I-130 petition filed by his current U.S. citizen spouse. See Notice of Approval of I-130 application attached hereto as **Exhibit H**.

47. Petitioner's BIA brief states that Petitioner married Julissa Del Carmen Mendez Ortiz, a United States citizen, on April 22, 2022. See Julissa Mendez Ortiz's U.S. Passport attached hereto as **Exhibit I**.

48. Julissa Del Carmen Mendez Ortiz's U.S. passport identifies her nationality as United States of America.

49. Further Petitioner is the loving father of two children born in the U.S. See Birth Certificates of Petitioner's children attached hereto **Exhibit J**.

50. Petitioner's BIA brief states that Ms. Mendez Ortiz filed a Form I-130 petition for Petitioner and that the I-130 petition was approved after a June 5, 2024 interview at 26 Federal Plaza, New York, New York.

51. As of July 17, 2026, DHS listed Petitioner as in ICE custody In New York at Brooklyn MDC Facility.

52. Respondents have not provided habeas counsel with complete custody paperwork identifying whether Petitioner is detained under 8 U.S.C. § 1226, 8 U.S.C. § 1231, or another authority.

53. If Respondents contend Petitioner is detained under 8 U.S.C. § 1226(a), then Petitioner is entitled to the process afforded to discretionary pre-final-order detainees, including a custody determination and bond-related procedures.

54. If Respondents contend Petitioner is detained under 8 U.S.C. § 1231, then Respondents must produce the statutory and factual basis for post-order detention, including the removal order, any stay determination, post-order custody review documents, release-revocation documents, and any documents showing why Petitioner cannot be released under supervision.

55. The current record shows a pending BIA appeal from denial of reopening. EOIR records list the BIA appeal as pending, the BIA decision date as "N/A," and the BIA decision as "Pending."

56. The pending BIA appeal does not itself resolve the statutory basis for detention. It does, however, demonstrate that Petitioner is actively pursuing reopening and that the government did not file a BIA opposition brief. EOIR records state that DHS's brief filed date is "N/A."

**Count I**

**Unlawful Detention Without Disclosure of Statutory and Factual Basis**

56. Petitioner repeats and realleges the preceding paragraphs.

57. Respondents have detained Petitioner without providing habeas counsel the complete custody record or identifying the precise statutory basis for custody.

58. Respondents' failure to disclose the basis for custody prevents Petitioner from meaningfully challenging detention, seeking custody redetermination, seeking release, or protecting himself from removal while the BIA appeal remains pending.

59. 28 U.S.C. § 2243 requires the custodian to make a return certifying the true cause of detention.

60. The Court should order Respondents to identify the statutory basis for custody and produce all detention, custody-review, warrant, bond, supervision, and removal documents.

**Count II**

**If Detention Is Under 8 U.S.C. § 1226(a), Petitioner Is Entitled to a Prompt Bond Hearing or Custody Redetermination**

61. Petitioner repeats and realleges the preceding paragraphs.

62. If Respondents claim Petitioner is detained under § 1226(a), the Court should order a prompt individualized bond hearing or custody redetermination with disclosure of the custody record and a meaningful opportunity to present evidence.

63. Petitioner has substantial equities relevant to custody, including a pending BIA appeal from denial of reopening, a current U.S. citizen spouse, and an asserted approved I-130 petition. Petitioner's BIA brief states that his U.S. citizen spouse filed an I-130 petition for him and that the petition was approved after a June 5, 2024 interview.

## Count III

## If Detention Is Under 8 U.S.C. § 1231, Respondents Must Justify Continued Post-Order Detention and Produce the Post-Order Custody Record

64. Petitioner repeats and realleges the preceding paragraphs.

65. Respondents may contend that Petitioner is detained under 8 U.S.C. § 1231 because the Immigration Court issued an in absentia removal order in 2016.

66. The Immigration Court ordered Petitioner removed in absentia on September 16, 2016.

67. Petitioner does not concede that Respondents have complied with the procedural and substantive requirements for continued post-order detention.

68. Respondents have not produced complete post-order detention documents, including any warrant, custody determination, custody review decision, removal arrangements, travel-document requests, risk assessment, or explanation why release under supervision is insufficient.

69. Petitioner is actively litigating reopening before the BIA. The BIA case information states that the appeal of the Immigration Judge's motion-to-reopen decision remains pending.

70. The BIA case information further states that Petitioner's brief was filed and DHS filed no brief.

71. Continued detention without disclosure of the post-order custody record and without a meaningful opportunity to challenge custody violates due process and warrants habeas relief.

## Count IV

## Alternative Relief: Release Under Supervision or Order of Supervision

72. Petitioner repeats and realleges the preceding paragraphs.

73. If Respondents rely on § 1231, release under supervision is an available alternative to continued physical detention.

74. 8 U.S.C. § 1231(a)(3) provides that if the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.

75. The statutory supervision conditions include periodic appearance before an immigration officer, submission to examination if necessary, provision of information under oath, and compliance with reasonable written restrictions.

76. 8 C.F.R. § 241.5 authorizes issuance of Form I-220B, Order of Supervision, and requires the order to specify supervision conditions.

77. The listed supervision conditions include periodic reporting, continuing efforts to obtain a travel document, reporting for examinations as directed, obtaining advance approval for travel beyond specified limits, and providing DHS with written notice of address changes.

78. 8 C.F.R. § 241.5 also permits an officer to require a bond sufficient to ensure compliance with supervision conditions, including surrender for removal.

79. Petitioner has strong reasons to comply with supervision because he is pursuing a pending BIA appeal and seeks reopening to pursue family-based immigration relief. EOIR records show that the BIA appeal is pending, and Petitioner's BIA brief asserts prima facie eligibility based on an approved I-130 petition filed by his U.S. citizen spouse.

80. Respondents should be required to explain why supervised release, an Order of Supervision, bond, electronic monitoring, periodic reporting, or other alternatives to detention are insufficient.

## Count V

## Due Process Violation

81. Petitioner repeats and realleges the preceding paragraphs.

82. Civil immigration detention must be reasonably related to a legitimate governmental purpose.

83. Respondents have detained Petitioner without providing habeas counsel complete custody paperwork or the statutory and factual basis for custody.

84. Petitioner is pursuing an active BIA appeal concerning reopening of the in absentia removal order. EOIR records list the BIA appeal as pending.

85. Petitioner's appeal is not abandoned. EOIR records state that Petitioner's BIA brief was filed on September 4, 2024.

86. Petitioner's appeal is supported by family-based equities. Petitioner's BIA brief states that he is married to Julissa Del Carmen Mendez Ortiz, a United States citizen, and that an I-130 petition filed by her was approved.

87. Detention without disclosure of the legal basis, custody record, and meaningful custody process violates the Fifth Amendment Due Process Clause.

## Count VI

## Request for Expedited Habeas Review and Order to Show Cause

88. Petitioner repeats and realleges the preceding paragraphs.

89. 28 U.S.C. § 2243 directs the Court to award the writ or issue an order to show cause unless the application shows the detained person is not entitled to relief.

90. 28 U.S.C. § 2243 requires the respondent to certify the true cause of detention and provides for prompt hearing procedures.

91. Petitioner is detained in ICE custody and seeks urgent review because continued detention affects his liberty, access to counsel, and ability to pursue immigration relief.

92. The Court should issue an order to show cause requiring Respondents to identify the statutory basis for detention, produce the custody record, and justify continued detention.

**Request for Relief**

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue a writ of habeas corpus under 28 U.S.C. § 2241;

B. Issue an Order to Show Cause directing Respondents to file a return certifying the true cause of Petitioner's detention;

C. Order Respondents to identify whether Petitioner is detained under 8 U.S.C. § 1226, 8 U.S.C. § 1231, or any other statutory authority;

D. Order Respondents to produce the complete custody record, including any Form I-200 warrant, Form I-286 custody determination, bond or custody redetermination, order of supervision, post-order custody review, travel-document request, release-revocation paperwork, custody classification, removal arrangements, and any document identifying the factual and statutory basis for custody;

E. Declare that continued detention without disclosure of the statutory and factual basis for custody violates due process;

F. Order Petitioner's immediate release under reasonable conditions of supervision;

G. In the alternative, order Respondents to release Petitioner on an Order of Supervision, Form I-220B, with reasonable reporting and compliance conditions;

H. In the alternative, order Respondents to release Petitioner under appropriate supervised-release conditions, including but not limited to periodic ICE reporting, written notice of address changes, travel restrictions, cooperation with any required travel-document process, electronic monitoring, telephonic reporting, and any other conditions the Court deems reasonably necessary to ensure appearance and compliance;

I. In the alternative, order Respondents to consider Petitioner for release under an individualized custody review, with written reasons explaining why an Order of Supervision, bond, conditional parole, electronic monitoring, telephonic reporting, or other alternatives to detention would be insufficient;

J. If Respondents rely on 8 U.S.C. § 1226(a), order a prompt individualized bond hearing or custody redetermination with access to the custody record and a meaningful opportunity to present evidence and argument;

K. If Respondents rely on 8 U.S.C. § 1231, order Respondents to justify continued post-order detention and produce all post-order custody-review documents required by regulation;

L. If Respondents rely on 8 U.S.C. § 1231 and the removal period has expired, order Respondents to show why Petitioner should not be released under supervision pursuant to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5;

M. Order Respondents to provide immediate confidential attorney access;

N. Enjoin Respondents from transferring Petitioner outside the Eastern District of New York while this habeas matter is pending;

O. Enjoin Respondents from removing Petitioner from the United States while this habeas matter is pending;

P. Set an expedited hearing;

Q. Award reasonable attorney's fees and costs if available by law; and

R. Grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2026
White Plains, New York

Respectfully submitted,
CABANILLAS & ASSOCIATES, P.C.

By: s/ Noel P. O'Brien, Esq.
Noel P. O'Brien, Esq.
Attorneys for Petitioner
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2025
Cablit@CabanillasLaw.com

**Cabanillas & Associates, P.C.**
Noel P. O'Brien, Esq.
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2025
Cablit@CabanillasLaw.com
*Attorneys for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
**MARIO BENJAMIN COLLADO** Civil Action No.: __________
A 061-969-751,

Petitioner,

-against-

**TODD BLANCHE,** Attorney General of the United States**;**
**MARKWAYNE MULLIN,** Secretary of the Department of Homeland Security**;**
**TODD M. LYONS,** Acting Director, U.S. Immigration and Customs Enforcement**;**
**KENNETH GENALO,** Field Office Director, ICE New York **;**
**and**
**THE WARDEN OF BROOKLYN MDC FACILITY**
in his or her official capacity**,**

Respondents.

**PETITION FOR ORDER TO SHOW CAUSE**

---------------------------------------------------------------------X

**ORAL ARGUMENT REQUESTED**
**EXPEDITED HEARING REQUESTED**

1. Petitioner has filed, or contemporaneously files, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his ongoing ICE detention.
2. Petitioner Mario Benjamin Collado is currently listed by DHS as "In ICE Custody" In New York at Brooklyn MDC Facility.
3. Petitioner's A-Number is 061969751.

4. DHS alleges that Petitioner is a native and citizen of the Dominican Republic.
5. DHS alleges that Petitioner was admitted to the United States on April 30, 2011 as a conditional permanent resident.
6. DHS charged Petitioner as removable under INA § 237(a)(1)(D)(i), based on termination of conditional permanent resident status.
7. The Immigration Court ordered Petitioner removed in absentia on September 16, 2016.
8. On June 20, 2024, the Immigration Judge denied Petitioner's motion to reopen or reconsider.
9. Petitioner, through attorney Aliona Gherasimov, filed a Notice of Appeal from the Immigration Judge's June 20, 2024 denial of the motion to reopen or reconsider.
10. The BIA acknowledged receipt of the appeal on July 22, 2024.
11. The BIA case information identifies the case type as "Appeal of IJ MTR," states that the case is pending, and lists no BIA decision date.
12. The BIA case information states that Petitioner's brief was filed on September 4, 2024.
13. The BIA case information states that DHS's brief filed date is "N/A."
14. Petitioner's BIA brief argues that the Immigration Judge failed to properly consider evidence of non-receipt of notice, due diligence, prima facie eligibility for relief, and the request for sua sponte reopening.
15. Petitioner's BIA brief states that Petitioner is married to Julissa Del Carmen Mendez Ortiz, a United States citizen, and that an I-130 petition filed by her was approved.
16. Respondents have not provided habeas counsel with complete custody paperwork identifying the statutory basis for Petitioner's detention.

17. Respondents have not produced the complete custody record, including any warrant, custody determination, bond determination, post-order custody review, order of supervision, removal arrangements, release-revocation paperwork, or written explanation of custody authority.
18. 28 U.S.C. § 2243 requires the Court to award the writ or issue an order directing Respondents to show cause why the writ should not be granted unless it appears from the application that the applicant is not entitled to relief.
19. 28 U.S.C. § 2243 requires the person having custody to make a return certifying the true cause of detention.
20. If Respondents rely on post-order detention under § 1231, supervised release remains an available alternative remedy. 8 U.S.C. § 1231(a)(3) provides that if the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.
21. 8 C.F.R. § 241.5 authorizes issuance of Form I-220B, Order of Supervision, with conditions including periodic reporting, cooperation with travel-document efforts, travel restrictions, and written notice of address changes.

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue an Order to Show Cause directing Respondents to file a return within three days, or such other expedited time as the Court deems appropriate;

B. Order Respondents to identify the statutory basis for Petitioner's custody;

C. Order Respondents to produce the complete custody and detention record;

D. Order Respondents to state whether Petitioner is detained under 8 U.S.C. § 1226, 8 U.S.C. § 1231, or another authority;

E. Order Respondents to explain whether Petitioner has received any custody review, bond determination, post-order custody review, or consideration for release under supervision;

F. Order Respondents to explain why supervised release, an Order of Supervision, bond, conditional parole, electronic monitoring, periodic reporting, or another alternative to detention is insufficient;

G. Order Petitioner released under reasonable conditions of supervision, or in the alternative, require Respondents to conduct an individualized custody review and issue a written custody decision addressing alternatives to detention;

H. Order Respondents to disclose any planned transfer or removal;

I. Order immediate confidential attorney access;

J. Enjoin transfer outside the Eastern District of New York while this matter is pending, or require advance notice to the Court and counsel;

K. Enjoin removal while this matter is pending, or require advance notice to the Court and counsel;

L. Set an expedited hearing; and

M. Grant such other relief as the Court deems just and proper.

Dated: July 17, 2026
White Plains, New York

Respectfully submitted,
CABANILLAS & ASSOCIATES, P.C.

By: s/ Noel P. O'Brien, Esq.
Noel P. O'Brien, Esq.
Attorneys for Petitioner
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2025
Cablit@CabanillasLaw.com